### JOHN J. WARD vs. JAMES CONNOR.

Hampden.   September 23, 1902. — October 30, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Negligence*, Employer's liability.

A workman in a shoddy factory cannot recover from his employer for injuries caused by the starting of a machine while he was trying to mend a broken belt by drawing the ends together, if the accident would not have happened had the spinner who had been operating the machine drawn back the lever and fastened it in the place provided for it when the machine was stopped.   In such a case the negligence of a fellow workman is the proximate cause of the injury, and *semble*, that it is want of due care for a workman thus to attempt to mend a belt without taking any precautions to see whether the machine is likely to start.

TORT for injuries sustained while trying to mend a broken race belt upon a Johnson and Bassett spinning mule in the shoddy factory of the defendant.   Writ dated November 14, 1898.

In the Superior Court *Maynard*, J. ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*A. L. Green*, for the plaintiff.

*C. T. Callahan*, for the defendant.

MORTON, J.   This is an action for personal injuries.   At the conclusion of the plaintiff's evidence the judge directed a verdict for the defendant.   The case is here on the plaintiff's exceptions to that ruling and direction.   The declaration contains counts at common law and under the employers' liability statute.   The counts under the statute are not insisted on.   The counts at common law allege a setting to work in an unsafe place with unsafe machinery, a failure to give suitable warning and instruction as to the danger, and the employment of incompetent servants.   Only the count alleging a failure to give suitable warning and instruction is now relied on.

We think that the ruling of the court was right.   The plaintiff was injured while repairing a broken belt which was within the scope of the work which he had been hired and set by the defendant to do.   He attempted to repair the belt by drawing the ends together over the pulleys over which it ran and in some

way the machine started up, and the plaintiff in attempting to get out of the way threw his hand backward and it was caught in revolving gears, causing the injury complained of. There was no defect in the machine to which the belt belonged, and it is clear, it seems to us, that if the spinner, who was operating the machine, had drawn back the lever and fastened it in the place provided for it when the machine was stopped, the accident to the plaintiff would not have happened. In other words the accident would seem to have been the result of negligence on the part of a fellow servant, and not of failure on the part of the defendant to warn the plaintiff of the danger or to instruct him as to the manner in which the machine operated. Further it would seem, notwithstanding some things in the plaintiff's testimony, as though he must have been familiar with the operation of the machine, and that the risk of attempting to mend the belt in the manner in which he did was or ought to have been obvious. But if it was not, it would at least seem that he was wanting in due care in attempting to mend the belt in the manner in which he did without taking any precautions to see whether the machine was liable to start.

*Exceptions overruled.*